483 A.2d 884

**COMMONWEALTH of Pennsylvania,**

v.

**Timothy DOWNS, Appellant.**

Superior Court of Pennsylvania.

Argued March 13, 1984.

Filed Oct. 26, 1984.

Petition for Allowance of Appeal Denied May 14, 1985.

570

Diane G. Moretzsohn, Assistant Public Defender, West Chester, for appellant.

Phylis Streitel, Assistant District Attorney, West Chester, for Commonwealth, appellee.

Before CAVANAUGH, WIEAND and CIRILLO, JJ.

572

WIEAND, Judge:

Where an occupant of a motor vehicle, following a high speed chase by police, is found to be in possession of property taken several hours earlier during a burglary committed in an adjoining county, does a conviction for theft by receiving stolen property in the county of arrest bar prosecution for burglary in the county where the burglary was committed? The trial court in the latter county denied a pre-trial motion to dismiss the burglary charge, and this appeal followed. We affirm.

During the early morning hours of December 22, 1979, a vehicle occupied by Timothy Downs led Lower Merion Township Police on a high speed chase after the vehicle had been observed in the commission of multiple traffic violations in Montgomery County. The chase came to an end when the vehicle crashed in a wooded area. When police arrived at the crash site, they found that the trunk lid had been opened by the force of impact. Lying in the trunk were typewriters and business machines bearing tags which identified them as property of Worldwide Direct Market, a business enterprise located in Wayne, Chester County. Inquiry disclosed a break-in and theft at the Chester County office earlier on the same morning or very late on the prior night. Downs gave police a statement which implicated himself in the Chester County burglary.

Downs was arrested in Montgomery County and charged, inter alia, with theft by receiving stolen property.[1] He was charged in Chester County with burglary,[2] criminal trespass,[3] and criminal mischief.[4] Additional charges of theft and conspiracy were brought in Chester County but subsequently nol prossed by the Commonwealth. Downs elected to enter a plea of guilty to theft by receiving stolen property in Montgomery County, and sentence therefor was imposed. He then filed a pre-trial motion to dismiss the

1. 18 Pa.C.S. § 3925.
2. 18 Pa.C.S. § 3502.
3. 18 Pa.C.S. § 3503.
4. 18 Pa.C.S. § 3304.

charges in Chester County. In support thereof, he argued that dual prosecutions in separate counties were barred (1) by principles of double jeopardy, (2) by the provisions of sections 109 and 110 of the Crimes Code (18 Pa.C.S. §§ 109, 110), and (3) by the provisions of 18 Pa.C.S. § 3502(d), which bars convictions both for burglary and for the offense which it was the intent of the burglar to commit. On appeal from the trial court's order refusing to dismiss the charges in Chester County, we consider appellant's arguments seriatim.[5]

"The Double Jeopardy Clause 'protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.' *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969) (footnotes omitted) . . . . Where successive prosecutions are at stake, the guarantee serves 'a constitutional policy of finality for the defendant's benefit.' *United States v. Jorn,* 400 U.S. 470, 479, 91 S.Ct. 547, 554, 27 L.Ed.2d 543 (1971) (plurality opinion). That policy protects the accused from attempts to relitigate the facts underlying a prior acquittal, see *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); cf. *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977), and from attempts to secure additional punishment after a prior conviction and sentence, see *Green v. United States,* 355 U.S. 184, 187–188, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957); cf. *North Carolina v. Pearce, supra.*" *Brown v. Ohio,* 432 U.S. 161, 165–166, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187, 194 (1977). Article I, section 10 of the Pennsylvania Constitution has received a similar interpretation.

" 'The double jeopardy clause breaks down into three general rules which preclude a second trial or a second punishment for the same offense: (1) retrial for the same

5. A prior appeal to this Court resulted in a per curiam order affirming the order of the trial court, 299 Pa.Super. 616, 445 A.2d 241. That order was based upon the defendant's failure to file a written motion to dismiss. Thereafter, the trial court permitted the defendant to file a motion to dismiss nunc pro tunc. The denial of this motion is the basis for the present appeal.

offense after acquittal; (2) retrial for the same offense after conviction; (3) multiple punishment for the same offense at one trial. The judiciary views these rules as expressions of self-evident moral precepts: It is wrong to retry a man for a crime of which he previously has been found innocent, wrong to harass him with vexatious prosecution, and wrong to punish him twice for the same offense.' " *Commonwealth v. Grazier*, 481 Pa. 622, 630–631, 393 A.2d 335, 339 (1978) quoting *Commonwealth v. Mills*, 447 Pa. 163, 169, 286 A.2d 638, 641 (1971) (emphasis in original). Accord: *Illinois v. Vitale*, 447 U.S. 410, 415, 100 S.Ct. 2260, 2264, 65 L.Ed.2d 228 (1980); *United States v. Wilson*, 420 U.S. 332, 343, 95 S.Ct. 1013, 1021, 43 L.Ed.2d 232 (1975); *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969); *Commonwealth v. Bolden*, 472 Pa. 602, 618, 373 A.2d 90, 97 (1977); *Commonwealth v. Maddox*, 307 Pa.Super. 524, 532, 453 A.2d 1010, 1014 (1982); *Commonwealth v. Meekins*, 266 Pa.Super. 157, 162, 403 A.2d 591, 593 (1979). *In Interest of R.R.*, 317 Pa.Super. 334, 343, 464 A.2d 348, 352 (1983) (footnote omitted).

 Although a single sovereign may impose only one punishment for a single act, "dual" sovereigns are not so limited. Dual sovereigns may separately prosecute an accused for offenses based upon the same conduct. *United States v. Wheeler*, 435 U.S. 313, 98 S.Ct. 1079, 55 L.Ed.2d 303 (1978); *Waller v. Florida*, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970); *Commonwealth v. Bolden*, 472 Pa. 602, 373 A.2d 90 (1977). The Commonwealth argues that Chester and Montgomery Counties are "dual" sovereigns for double jeopardy purposes. We reject this argument. The courts which sit in these counties are part of a unified, state judicial system. They are state courts, whose power and authority are derived from a single source. Thus, the various courts of common pleas of this Commonwealth are judicial arms of a single sovereign for double jeopardy purposes and, as such, are barred from separately prosecuting an accused for a single criminal act. See: *Waller v. Florida, supra* (state and municipality are not separate

sovereigns and cannot separately prosecute for single act); *Puerto Rico v. Shell Co.,* 302 U.S. 253, 58 S.Ct. 167, 82 L.Ed. 235 (1937) (territorial and federal governments are not separate sovereigns and cannot separately prosecute for single act); *Commonwealth v. Bolden, supra* (state and municipality are not dual sovereigns and cannot separately prosecute for a single act); *Brady v. State,* 584 S.W.2d 245 (Tenn.Ct.App.1979) (counties of same state do not constitute dual sovereigns for double jeopardy purposes). Compare: *United States v. Wheeler, supra* (federal government and Indian tribal government are separate sovereigns who may prosecute separately for a single act); *Bartkus v. Illinois,* 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959) (state and federal governments are separate sovereigns and can prosecute separately on basis of same acts). But see: *Commonwealth v. Mills,* 447 Pa. 163, 286 A.2d 638 (1971) (plurality opinion) (as matter of state constitutional law, separate prosecution by courts of Pennsylvania following prior conviction for same act in federal courts will not be permitted unless it first appears that the interests of the state and federal governments are substantially different).

 Whether appellant in this case is entitled to the protections afforded by principles of double jeopardy turns upon whether his unauthorized entry of Worldwide's offices in Chester County is viewed as part of a single act with his subsequent, unlawful possession of Worldwide's property in Montgomery County. For double jeopardy purposes, it is not enough that the two offenses be part of the same episode; double jeopardy principles bar double prosecution only for a single offense. See: *Commonwealth v. Webster,* 323 Pa.Super. 164, 178–179, 470 A.2d 532, 539–540 (1983). Here, appellant has been charged with violating different statutory provisions, i.e., 18 Pa.C.S. §§ 3502, 3503 and 3504, than in Montgomery County, where he was charged with violating 18 Pa.C.S. § 3925. In order to determine whether the alleged violations are to be considered a single offense for double jeopardy purposes:

"The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory

provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not ...."

*Brown v. Ohio, supra* at 166, 97 S.Ct. at 2225, 53 L.Ed.2d at 194, quoting *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932). Accord: *Commonwealth v. Tarver*, 493 Pa. 320, 325, 426 A.2d 569, 572 (1981); *Commonwealth ex rel. Garland v. Ashe*, 344 Pa. 407, 408, 26 A.2d 190, 191 (1942); *Commonwealth v. Maddox*, 307 Pa.Super. 524, 532, 453 A.2d 1010, 1014 (1982); *Commonwealth v. Adams*, 296 Pa.Super. 24, 28–29, 442 A.2d 277, 279 (1982). This requires that we examine the elements of the crimes charged in Chester County vis-a-vis those involved in the former Montgomery County prosecution. " 'If each requires proof of fact that the other does not, the *Blockburger* test is satisfied, [and double jeopardy is not violated] notwithstanding a substantial overlap in the proof offered to establish the crimes ....' " *Brown v. Ohio, supra* at 166, 97 S.Ct. at 2226, 53 L.Ed.2d at 194, quoting *Iannelli v. United States*, 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 1294 n. 17, 43 L.Ed.2d 616, 627 n. 17 (1975).

■ When we apply this test, it becomes apparent that principles of double jeopardy do not prevent the Chester County prosecutions for burglary, criminal trespass and criminal mischief. Appellant's prior conviction for theft by receiving stolen property was based upon his retention of stolen property in Montgomery County. This did not require proof that appellant had made an unlawful entry, with resulting damage, of Worldwide's offices in Chester County. Or, to reverse the equation, the prosecution in Chester County for burglary, criminal trespass and criminal mischief will require proof of facts not necessary to the conviction in Montgomery County for receiving stolen property. The prosecution for burglary will require proof of an entry of Worldwide's offices with intent to commit a crime therein. See: *Commonwealth v. Gordon*, 329 Pa.Super. 42, 477 A.2d 1342 (1984). Criminal trespass will require proof of an

unlicensed entry. See: *Commonwealth v. Carter*, 482 Pa. 274, 393 A.2d 660 (1978). The prosecution for criminal mischief will require proof of an intentional or reckless destruction of Worldwide's property. See generally: *Commonwealth v. Miller*, 234 Pa.Super. 146, 339 A.2d 573 (1975), *aff'd*, 469 Pa. 24, 364 A.2d 886 (1976). None of these offenses requires proof of appellant's criminal possession of stolen property in Montgomery County. It seems clear, therefore, that the prosecutions in Chester County are not barred by principles of double jeopardy.

■ Appellant contends also that prosecution in Chester County is barred by the provisions of 18 Pa.C.S. §§ 109 and 110. Because the Chester County prosecution is not for violating the same statutory provision which appellant violated in Montgomery County, section 109 of the Crimes Code, by its own terms, can have no application.

■ Section 110 of the Crimes Code provides:

§ 110. **When prosecution barred by former prosecution for different offense**

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

(i) any offense of which the defendant could have been convicted on the first prosecution;

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense; or

(iii) the same conduct, unless:

(A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil; or

(B) the second offense was not consummated when the former trial began.

This provision establishes protection against multiple prosecutions arising from the same conduct or criminal episode even where the prosecutions are based upon different statutory provisions. See generally: *Commonwealth v. Hude,* 500 Pa. 482, 458 A.2d 177 (1983). However, section 110 does not bar multiple prosecutions in different counties for violations of different statutory provisions. In order for the ban to apply, the crimes charged must be within the jurisdiction of a single court. See: *Commonwealth v. Caden,* 326 Pa.Super. 192, 197, 473 A.2d 1047, 1049 (1984); *Commonwealth v. Nichelson,* 294 Pa.Super. 438, 443–444, 440 A.2d 545, 548 (1982); *Commonwealth v. Harris,* 275 Pa.Super. 18, 23–24, 418 A.2d 589, 592 (1980). The charges of burglary, criminal trespass and criminal mischief arose from acts committed beyond the jurisdiction of Montgomery County. Therefore, appellant could not be prosecuted for those offenses in Montgomery County. Only the courts of Chester County had jurisdiction to prosecute appellant for burglary, criminal trespass and criminal mischief committed at Worldwide's offices in Chester County. "Moreover, the law defining [the offense of theft by receiving stolen property was] 'intended to prevent a substantially different harm,' that is, the unauthorized intentional receipt, retention, or disposition of movable property, than the charges which are the subject of this appeal." *Commonwealth v. Caden, supra,* 326 Pa.Superior Ct. at 199, 473 A.2d at 1050.

Finally, appellant argues that prosecution for burglary in Chester County is barred by 18 Pa.C.S. § 3502(d), which provides:

(d) **Multiple convictions.**—A person may not be convicted both for burglary and for the offense which it was

his intent to commit after the burglarious entry or for an attempt to commit that offense, unless the additional offense constitutes a felony of the first or second degree. Because theft by receiving stolen property is not a felony of the first or second degree, appellant contends that a prosecution for burglary in Chester County is precluded. We disag▪▪e.

�oledo▪ When the plain meaning of this language is applied, it is readily apparent that the Chester County prosecutions are not barred. In the first place, section 3502(d) pertains only to convictions for burglary. Thus, by its very terms it can have no application to prosecutions for criminal trespass and criminal mischief. Secondly, the language of the section does not under any circumstances purport to bar a conviction for burglary. It pertains, rather, to bar a second punishment for "the offense which it was [the burglar's] intent to commit after the burglarious entry." Thirdly, it seems clear that theft by receiving stolen property in Montgomery County by definition was not the offense which the actor intended to commit when he entered Worldwide's offices in Chester County. Theft by receiving stolen property is an "on-going" offense. *Commonwealth v. Kuykendall*, 318 Pa.Super. 429, 432, 465 A.2d 29, 31 (1983); *Commonwealth v. Farrar*, 271 Pa.Super. 434, 442, 413 A.2d 1094, 1098 (1979). Because it is a continuing offense, prosecution may be maintained in a county in which an accused is found to be in possession of the stolen property. This offense is separate and apart from the burglary which resulted in the initial taking of the property.

▪▪▪ Section 3502(d) of the Pennsylvania Crimes Code is based upon section 221.1(3) of the Model Penal Code, which recognized that a burglary conviction carries severe penalties which already reflect consideration of the aggravating circumstances of a lawless entry coupled with underlying criminal activity of a relatively minor character. Model Penal Code, § 221.1, comment 6 (Tent. Draft No. 11, 1960). The purpose of Section 3502(d), therefore, is to prevent dual punishment for burglary and the offense which the accused

intended to commit when he effected his entry. *Commonwealth v. DeSabetino,* 317 Pa.Super. 561, 565, 464 A.2d 465, 467 (1983); *Commonwealth v. Benedetto,* 316 Pa.Super. 134, 138, 462 A.2d 830, 832 (1983); *Commonwealth v. Jefferson,* 307 Pa.Super. 18, 21, 452 A.2d 881, 882 (1982); *Commonwealth v. Miller,* 269 Pa.Super. 589, 591–592, 410 A.2d 857, 858 (1979); *Commonwealth v. Harris,* 269 Pa.Super. 41, 43, 409 A.2d 53, 54 (1979). The statute proscribes only dual punishment; it does not preclude dual prosecutions or findings of guilty. *Commonwealth v. Byron,* 319 Pa.Super. 1, 3, 465 A.2d 1023, 1024 (1983); *Commonwealth v. DeSabetino, supra,* 317 Pa.Superior Ct. at 565, 464 A.2d at 467; *Commonwealth v. Black,* 267 Pa.Super. 598, 601–602, 407 A.2d 403, 405 (1979).

Appellant's argument, if accepted, would place upon Section 3502(d) a meaning foreign to its intended purpose and place a premium upon an accused's speed in entering a plea of guilty to the less severe charge brought in the county in which he was arrested with the fruits of crime in his possession, or, indeed, in any county through which he may have passed with the contraband in his possession. We decline to find that the legislature intended such an absurd result. Cf. *Commonwealth v. Boerner,* 281 Pa.Super. 505, 520 n. 17, 422 A.2d 583, 589–590 n. 17 (1980).

Order affirmed.