492 A.2d 1146

**COMMONWEALTH of Pennsylvania**

v.

**Donald Ray PINKSTON, Appellant.**

Superior Court of Pennsylvania.

Argued March 19, 1985.

Filed May 17, 1985.

Paul D. Boas, Pittsburgh, for appellant.

Daniel L. Howsare, District Attorney, Bedford, for Commonwealth, appellee.

Before OLSZEWSKI, MONTGOMERY and LEDERER *, JJ.

OLSZEWSKI, Judge:

Donald Pinkston appeals from the judgment of sentence finding him guilty of receiving stolen property, 18 Pa.C.S. Sec. 3925, and sentencing him to a term of probation.

The facts are as follows. On November 14, 1978 David L. Gonsman burglarized the property of Mr. Ralph E. Kostolnick, located in Bedford County. Among other items, Gonsman removed a Suzuki mini-bike from a shed on the property. Eight months later, between July 23, 1979 and July 27, 1979 Gonsman burglarized the property of Mr. Paul Mark, also located in Bedford County. Gonsman removed, among other items, several antiques and a lawnmower from the house and shed on the property.[1]

On September 28, 1979 three complaints were filed charging appellant with receipt of stolen property from the Gonsman burglaries. On October 1, 1979 appellant was arrested and both the mini-bike and the antiques were found on his property and in his possession. Appellant was acquitted by jury of the charge relating to the Mark burglary at No. 197, 1979 in Bedford County. Subsequently, on March 25, 1980 appellant was tried and convicted on the charge of receiving stolen property relating to the Kostolnick burglary, at No. 198, 1980 in Bedford County. Following the denial of post-trial motions, this appeal is before us.

Appellant raises two issues: first, he argues that his trial counsel was ineffective for failing to move for dismissal of the charges on the basis of double jeopardy, collateral

---

* Judge William J. Lederer, Senior Judge, of the Court of Common Pleas of Philadelphia County, Pennsylvania, is sitting by designation.

1. Gonsman pleaded guilty to multiple charges of burglary and theft, including charges related to the instant case, and testified that he expected to receive favorable treatment for cooperating at the Pinkston's trials. Notes of Testimony at 22–23.

estoppel or a violation of 18 Pa.C.S. Sec. 110. We hold that there is no merit to this issue and that appellant was provided with effective assistance of counsel.

Appellant argues that all charges arose out of the same criminal episode and, therefore, that the Commonwealth was obliged to join the charges for trial under 18 Pa.C.S. Sec. 110 and *Commonwealth v. Campana*, 452 Pa. 233, 304 A.2d 432 (1973).[2] Section 110 states in pertinent part:

**When prosecution barred by former prosecution for different offense**

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal and the subsequent prosecution is for:

(i) any offense of which the defendant could have been convicted on the first prosecution;

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense; or

(iii) the same conduct, unless:

(A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil.

(2) The former prosecution was terminated, after the indictment was found, by an acquittal or by a final order or judgment for the defendant which has not been set aside, reversed or vacated and which acquittal,

**2.** *See also Commonwealth v. Campana*, 445 Pa. 622, 314 A.2d 854 (1974), *cert. denied* 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974).

final order or judgment necessarily required a determination inconsistent with a fact which must be established for conviction of the second offense.

18 Pa.C.S. Sec. 110.

Appellant's argument turns on the definition of the term "same criminal episode," and whether the burglaries of the two residences and alleged receipt of the stolen property were all part of one transaction. Our analysis is guided by the interpretation of the Pennsylvania Supreme Court in *Commonwealth v. Hude,* 500 Pa. 482, 458 A.2d 177 (1983):

The interpretation of the term "single criminal episode" must not be approached from a hypertechnical and rigid perspective which defeats the purposes for which it was created.... Thus, where a number of charges are logically and/or temporally related and share common issues of law and fact, a single criminal episode exists, and separate trials would involve substantial duplication and waste of scarce judicial resources. In such cases, failure to consolidate will bar successive prosecutions.

500 Pa. at 494, 458 A.2d at 183 (citations omitted).

We cannot say that the facts of this case fit within the definition of a "single criminal episode" under the most expansive interpretation. The burglaries occurred eight months apart. The complaint relating to the July burglary alleged that appellant received the stolen property between July 27, 1979 and August 10, 1979. The complaint relating to the November burglary alleged that appellant received the stolen property between November 14, 1978 and November 28, 1978. The two offenses are neither temporally nor logically related.

Appellant mistakenly focuses on the fact that arrest and recovery of the property on all charges occurred simultaneously. We are concerned with the dates of the commission of the offense. This case is distinguished from other fact situations in which a series of offenses took place over a relatively compressed period of time. *Compare, Commonwealth v. Hude, supra* (drug transactions with single

individual over several weeks constitute "same criminal episode"); *Commonwealth v. Stewart*, 493 Pa. 24, 425 A.2d 346 (1981) (possession of heroin and a gun at precisely the same time); *Commonwealth v. Muffley*, 493 Pa. 32, 425 A.2d 350 (1981) (possession of marijuana and LSD at the same time).

Our decision today conforms to the dual purposes of section 110:

(1) to protect a person accused of crimes from governmental harassment of being forced to undergo successive trial for offenses stemming from the same criminal episode; and

(2) as a matter of judicial administration and economy, to assure finality without unduly overburdening the judicial process by repetitious litigation.

*Commonwealth v. Hude*, 500 Pa. at 495, 458 A.2d at 180.

■ Here, appellant's alleged receipt of stolen property occurred on dates eight months apart. Each receipt was part of a discrete constellation of facts unrelated to the other. Appellant's interest in avoiding undue governmental harassment in the separate prosecution of the offenses is outweighed by the Commonwealth's interest in securing justice for each distinct crime. Under the totality of circumstances of this case, we will not limit the Commonwealth's discretion in the prosecution of its cases in an orderly fashion.

■ Nor does our disposition contravene the pursuit of administrative and judicial economy. The indictments could arguably have been joined for trial. Pa.R.Crim.P., Rule 1127, 42 Pa.C.S.; *see Commonwealth v. Taylor*, 299 Pa.Super. 113, 445 A.2d 174 (1982). Nevertheless, Rule 1127 is permissive in operation. Administrative and judicial economy are served by avoidance of confusion of facts to the jury and the minimizing of prejudice to appellant caused by cumulative charges.

Appellant argues, in the alternative, that each trial depended upon a jury determination of a single issue: wheth-

er he had the requisite knowledge that the property had been stolen.[3]  *See* 18 Pa.C.S. Sec. 3925.  Appellant contends that the Commonwealth's evidence of guilty knowledge, in both cases, rests on similar testimony by the same witnesses.  Therefore, he urges, principles of double jeopardy and collateral estoppel bar retrial of the issue on which he was earlier acquitted.  *See Commonwealth v. Peluso,* 481 Pa. 641, 393 A.2d 344 (1978).

■  We disagree.  The records of both cases reveal that unique facts were adduced at each trial requiring the jury to independently determine whether appellant knew the property was stolen.  The testimony included evidence that appellant, after receiving the mini-bike, commissioned to have it painted a different color.  This case is distinguished from *Peluso* where appellant came into possession of all the stolen property (guns) at the same time, and therefore only one question of culpable knowledge existed through the series of trials.  In the instant case, the juries made separate determinations of appellant's knowledge.  *Compare Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970).

■  We hold that, absent merit to the underlying claim, appellant's counsel was not ineffective for failure to move to dismiss.  *Commonwealth v. Garvin,* 335 Pa.Super. 560, 485 A.2d 36 (1984).

Appellant's second argument is that his trial counsel was ineffective in failing to object to a portion of the lower court's instructions to the jury.  We hold that the instructions were not in error and that appellant was not denied effective assistance of counsel.

Appellant's argument focuses on the trial court's instruction that, if believed, the testimony of David Gonsman was sufficient for the jury to find appellant guilty of receiving stolen property.  Appellant argues that Gonsman's testimony simply revealed that appellant mentioned that he had

**3.** Appellant concedes that the property had been stolen and that it was within his possession.

repainted the mini-bike. Appellant contends that Gonsman's testimony lacked any evidence that appellant knew that the mini-bike was stolen.

▇▇▇ Knowledge that goods are stolen, or probably have been stolen, may be established by circumstantial evidence. *Commonwealth v. Worrell,* 277 Pa.Super. 386, 419 A.2d 1199 (1980). Here, Gonsman testified to his acquaintance with appellant at the service station where both occasionally worked prior to the offense. Notes of Testimony at 14. Appellant was in an adjoining room at the station while the burglary was planned. Notes of Testimony at 15. Appellant was present when some of the stolen property was unloaded behind the service station. Notes of Testimony at 19. Several weeks after the burglary, appellant complained to Gonsman about the cost of having the mini-bike repainted. The repainting, performed by the service station owner's son, cost forty dollars. Notes of Testimony at 21. We hold that Gonsman's testimony alone provided sufficient circumstantial evidence for the jury to find that appellant possessed guilty knowledge beyond a reasonable doubt.

▇▇▇ Appellant's counsel was not ineffective for failing to object to the jury instructions. *Commonwealth v. Garvin,* 335 Pa.Super. 560, 485 A.2d 36 (1984).

The judgment of sentence is affirmed.