667 A.2d 1135

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Lisa M. HOCKENBURY.**

Superior Court of Pennsylvania.

Argued June 21, 1995.

Filed Nov. 6, 1995.

594

596

Michael Morrone, Assistant District Attorney, Williamsport, for Commonwealth, appellant.

Robert W. Ferrell, Williamsport, for appellee.

Before ROWLEY, President Judge, and POPOVICH and SAYLOR, JJ.

ROWLEY, President Judge:

In this appeal the Commonwealth asks us to determine whether the trial court properly granted the motion of appellee Lisa Hockenbury to dismiss charges of receiving stolen property, filed against her in Lycoming County, on the grounds that she has already pled guilty to, and been sentenced for, receiving stolen property in Dauphin County. The trial court determined that the Lycoming prosecution was barred by the Fifth Amendment of the United States Constitution, Article I, § 10 of the Pennsylvania Constitution, and 18 Pa.C.S. § 109. We reverse.

The facts disclosed by the record, as relevant to this appeal, are as follows.[1] On January 24, 1992, appellee sold 34 pieces

1. At a hearing on February 16, 1993, counsel stipulated that the trial court would determine the motion to dismiss the Lycoming charges on evidence from facts as set forth in the affidavit for probable cause, filed 4/14/92, testimony from the preliminary hearing on 5/27/92, and a pre-trial hearing held 7/31/92, and facts as set forth in appellee's omnibus pre-trial motion, filed 8/5/92.

of jewelry to G.M. Jewelry Enterprise in Harrisburg, Dauphin County. Appellee's name and correct address appeared on the receipt issued by the jeweler. Apparently suspecting the jewelry may have been stolen, the jeweler contacted authorities in Dauphin County, who in turn sent a copy of the receipt to Pennsylvania State Police Officer Charles Snyder, in Lycoming County.

Officer Snyder contacted the victim of a burglary that occurred in Lycoming County on December 18, 1990, Betty Sue Bird, and on January 29 and 30, 1992, Ms. Bird travelled to Harrisburg and identified the 34 pieces of jewelry as among those stolen from her residence over a year earlier. The total value of the over 300 pieces of jewelry stolen from the Bird residence in 1990 was in excess of $16,300.00. The record does not indicate that anyone has ever been charged with the Bird burglary.

On February 3, 1992, Officer Snyder went to the Hockenbury residence in Lycoming County, where appellee lived with her mother and brother, to question her about the sale to the Harrisburg jeweler, and to inquire if she knew where the remaining jewelry stolen from the Bird residence might be. Appellee first denied and then admitted having sold the jewelry in Harrisburg. Appellee denied stealing the jewelry, and told Officer Snyder that, without her mother's knowledge, she had obtained the 34 pieces of jewelry from her grandfather's car. Appellee maintained that the jewelry had belonged to her grandmother, and then to her grandfather, who died several weeks earlier, on January 2, 1992.

On March 3, 1992, Officer Snyder returned to appellee's residence. Appellee's mother, Stephana Hockenbury, told Officer Snyder that her daughter no longer lived there and had moved to Florida to live with a relative.

On April 12, 1992, the mother of the victim in the 1990 burglary at the Bird residence, Betty Stadt, attended a porch sale at the Hockenbury residence, conducted by appellee's

mother, Stephana Hockenbury.[2] When Ms. Stadt asked Ms. Hockenbury if she had additional jewelry for sale aside from what was displayed, Stephana Hockenbury went to a blue vehicle parked in the driveway, later determined to belong to her father, appellee's deceased grandfather, and removed a bag of additional jewelry. When Ms. Hockenbury emptied the bag of jewelry on the kitchen table, Ms. Stadt recognized a bracelet she had given her daughter, Ms. Bird, which had been stolen in the 1990 burglary. Mrs. Stadt purchased the bracelet, left the Hockenbury residence, and later informed Officer Snyder of the events at the porch sale. A search warrant was issued for the Hockenbury residence and vehicle parked in the driveway. When the search warrant was executed later the same day, only appellee's brother, Todd Hockenbury, was present. A duffel bag found in an upstairs bedroom contained jewelry and a pillow case which Ms. Bird identified as having been taken from her bedroom in the 1990 burglary.

A criminal complaint charging appellee with receiving stolen property was filed in Lycoming County on April 14, 1992, and appellee was arrested and subsequently released on bail. On May 27, 1992, a preliminary hearing was held on the charge, and the district justice determined that there was sufficient evidence to hold the matter for trial. A bill of information was filed against appellee on June 11, 1992. On August 14, 1992, the Commonwealth filed a bill of particulars alleging that appellee received stolen property "which was purchased at the Hockenbury residence on April 12, 1992, and/or which was seized from the residence . . . on April 12, 1992."

On August 26, 1992, a criminal complaint was filed against appellee in Dauphin County, charging her with receiving stolen jewelry, valued at $2,520.00, and disposing of it to G.M. Jewelry Enterprise in Harrisburg on January 24, 1992. A preliminary hearing was held in Dauphin County on October 8, 1992, and a criminal information was filed on November 25, 1992.

---

2. Nothing in the record indicates that appellee was present at any time on April 12, 1992.

On January 5, 1993, appellee appeared in the Court of Common Pleas of Dauphin County and entered a plea of guilty to receiving stolen property. She was given a sentence of twenty-two months probation, and ordered to reimburse G.M. Enterprise Jewelers in the amount of $535.00.

One week later, on January 12, 1993, appellee filed a motion to dismiss the Lycoming County criminal information, claiming that the Lycoming charge constituted a second prosecution for the same offense.

## I. Section 109

The trial court determined that the Lycoming prosecution is barred under Section 109[3] of the Crimes Code because: 1) in both prosecutions appellee is charged with violating the same provision of the criminal statute, receiving stolen property, 18 Pa.C.S. § 3925; 2) the Dauphin prosecution resulted in appellee entering a plea of guilty, which constitutes a conviction for purposes of section 109;[4] and, 3) any subsequent prosecution in Lycoming County would be based on the same facts as those of the Dauphin prosecution. We disagree.

In the Dauphin prosecution appellee was charged with possessing and selling 34 pieces of stolen jewelry to a jeweler in Harrisburg, Dauphin County, in violation of 18 Pa.C.S. § 3925. Her plea of guilty to this charge establishes that the following elements are no longer in dispute: 1) that the 34 pieces of jewelry in her possession, valued at $2,520.00, were stolen,[5] and, that 2) appellee intentionally received, re-

**3.** Section 109 of the Crimes Code reads in pertinent part:

When a prosecution is for a violation of the same provision of the statutes and is based upon the same facts as a former prosecution, it is barred by such former prosecution under the following circum- · stances:

\* \* \* \* \* \*

(3) The former prosecution resulted in a conviction. [ ]
18 Pa.C.S. § 109.

**4.** *See Commonwealth v. Rosario,* 438 Pa.Super. 241, 652 A.2d 354 (1994).

**5.** We note that had the Dauphin prosecution proceeded to trial, as a threshold matter the Commonwealth would have been required to

tained, or disposed of the 34 pieces of jewelry on January 24, 1992, to a Harrisburg jeweler, 3) knowing the property was stolen, or believing that the property probably was stolen. In findings of fact made by the trial court in granting appellee's motion to dismiss the Lycoming County charges, the trial court states:

> Specifically the [Dauphin County] criminal complaint alleges the property to consist of "an assortment of chains, bracelets and fine (jewelry)" with an alleged value of $2,520 more or less[.] The Dauphin County affidavit of probable cause, dated August 26, 1992, included reference to the [1990 Bird] burglary, the sale to G.M. Jewelry Enterprise on January 24, 1992, the January 29, 1992, identification of the jewelry by Mrs. Bird and the February 3, 1992, interview of [appellee] by Trooper Snyder.

No mention is made regarding where, or in whose possession, the remaining 280 pieces of jewelry stolen in the Bird burglary might be, and the value of the remaining jewelry is clearly not included in the Dauphin County complaint or affidavit. As noted above, the bill of particulars filed by the Commonwealth in the Lycoming prosecution identifies only the 280 pieces of stolen jewelry seized from the Hockenbury residence on April 12, 1992.

Despite the identity of the charges brought against appellee in the two prosecutions, the facts upon which the two prosecutions are based are clearly not duplicative. *Commonwealth v. Pinkston*, 342 Pa.Super. 333, 492 A.2d 1146 (1985) (alleged receipt of stolen property on two occasions, eight months apart, involved discrete and unrelated constellation of facts). The fact that the stolen property originated from one place, the Bird residence, and was stolen in one burglary in 1990, appear to be all that the two prosecutions have in common.

establish that the 34 pieces of jewelry appellee sold to the Harrisburg jeweler in January, 1992, were stolen as a necessary element of the crime charged. *See* 18 Pa.C.S. § 3925; *Commonwealth v. Matthews*, 429 Pa.Super. 291, 632 A.2d 570 (1993). It follows that the Commonwealth would also be required to establish that the 280 pieces seized from appellee's residence in April, 1992, were stolen, as a necessary element to the Lycoming prosecution for receiving stolen property.

602

Since the facts relevant to each are not the same, Section 109 will not bar the prosecution in Lycoming County.

## II. Section 110

■ Consistent with a determination that the Dauphin and Lycoming prosecutions involve the same facts, the trial court argues that the provisions of Section 110 are not applicable in appellee's case. Furthermore, argues the court, even were we to find that the two prosecutions involved different facts, as we do, Section 110 will bar the Lycoming prosecution. We disagree for the following reasons.[6]

When, as here, a prior (Dauphin) prosecution results in a conviction and the subsequent (Lycoming) prosecution, although charging a violation of the same statutory provision, is based upon different facts, Section 110 of the Crimes Code would operate to bar the subsequent (Lycoming) prosecution, if:

(1)(i) the Lycoming prosecution is for an offense for which appellee could have been convicted in the Dauphin prosecution; or,

(1)(ii) the Lycoming prosecution is for an offense which involves the same conduct or arises from the same criminal episode; if,

(a) the Lycoming prosecution is for an offense known to the prosecuting officer in Dauphin at the time prosecution was initiated there; and,

(b) the offense allegedly committed in Lycoming was within the jurisdiction of a single court; or

(1)(iii) the Lycoming prosecution is for the same conduct, unless,

6. The policy concerns underlying Section 110, which essentially creates a "rule of compulsory joinder," *Commonwealth v. Bracalielly*, 540 Pa. 460, 470, 658 A.2d 755, 760 (1995), are twofold: to protect the accused from government harassment by means of successive trials for offenses "stemming from the same criminal episode," and to assure finality without burdening the judicial process by repetitious litigation. *Commonwealth v. Hude*, 500 Pa. 482, 489, 458 A.2d 177, 180 (1983); *Commonwealth v. Webster*, 323 Pa.Super. 164, 470 A.2d 532 (1983).

(a) the offense to which appellee pled guilty in Dauphin and the offense for which she would be prosecuted in Lycoming each requires proof of a fact not required by the other.

18 Pa.C.S. § 110.

In applying Section 110(1)(i) to the facts, the trial court argues that Dauphin County would have been a proper jurisdiction for *"asserting"* that appellee was guilty of "possession, retention and disposing of the jewelry stolen in the Bird residence burglary." The relevant inquiry, however, is whether appellee could have been *convicted* in the Dauphin prosecution for the criminal conduct of receiving stolen property alleged to have occurred in Lycoming County.[7]

We find the criminal conduct in Harrisburg, to which appellee has pled guilty, occurred wholly within the confines of Dauphin County and was properly prosecuted there. Similarly, the Lycoming prosecution will proceed on facts, times, dates, and property relative to criminal conduct which allegedly occurred wholly within the confines of Lycoming County. While we agree with the trial court's contention that "it might possibly be argued the Dauphin County conduct [to which appellee has already pled guilty] would not have to be shown in Lycoming County [in a subsequent prosecution]," we do not agree that "it is unquestionable that in order for the Dauphin County conduct to sustain a conviction[,] evidence of the Lycoming County conduct *on the part of the Defendant* is necessary." First, what was necessary to sustain a conviction in Dauphin County is now irrelevant since appellee pled guilty to the charges there, and second, it appears that the "Lycoming County conduct" to which the trial court refers is, again,

---

7. It is just as well that appellee rejects the applicability of Section 110, for, being aware of the prosecutions against her in both jurisdictions, a failure to move for consolidation of the charges would constitute waiver. *Commonwealth v. Caden,* 326 Pa.Super. 192, 473 A.2d 1047 (1984) (if an accused is aware of charges filed in separate jurisdictions based on one criminal episode, failure to move for consolidation constitutes waiver of a statutory claim under Section 110). *See also Commonwealth v. Cicconi,* 439 Pa.Super. 81, 653 A.2d 40 (1995) (no statutory protection allowed if defendant knowingly acquiesces in separation of trials).

the 1990 burglary at the Bird residence. Aside from the unifying fact of the 1990 burglary, there are no facts to support a contention that appellee could have been convicted in Dauphin County of receiving stolen property which was never alleged to have been in her possession in Dauphin County. Therefore, Section 110(1)(i) will not bar the Lycoming prosecution.

Section 110(1)(ii) would operate to bar the Lycoming prosecution if the Lycoming and the Dauphin prosecutions arose from the same criminal episode. An inquiry with respect to whether a series of criminal acts constitutes a single criminal episode is fact dependent. *Commonwealth v. Bracalielly*, 540 Pa. 460, 658 A.2d 755 (1995). "[W]here a number of charges are logically and/or temporally related and share common issues of law and fact, a single criminal episode exists ... and failure to consolidate will bar successive prosecutions." *Commonwealth v. Hude*, 500 Pa. 482, 494, 458 A.2d 177, 183 (1983). As noted *supra*, the only common "criminal episode" evident to us is the source of the jewelry, the 1990 burglary, with which appellee is not charged.

There is nothing in the record to support an allegation that appellee possessed the 280 pieces of jewelry, taken out of her grandfather's car three months later, when she sold the 34 pieces in Dauphin County in January, 1992, nor was she prosecuted in Dauphin County for a charge related to that property. It follows that, having admitted guilt to the charge of selling 34 pieces of stolen jewelry in Dauphin County, she may not be charged with or prosecuted for receipt of those pieces in the Lycoming prosecution. *In the Interest of R.R.*, 317 Pa.Super. 334, 464 A.2d 348 (1983) (collateral estoppel or issue preclusion bars relitigation of previously litigated issue in subsequent proceeding, whether same or different evidence would be introduced). The two offenses are unrelated by time and location and only related by the logic of the underlying burglary as a common source of the property, and the prosecutions for each offense do not present substantial duplication

of issues of law and fact.[8] *Hude,* 500 Pa. at 494, 458 A.2d at 183; *Pinkston, supra.* Thus, Section 110(1)(ii) will not bar the Lycoming prosecution since possession and sale of stolen property in January in Dauphin County is a separate criminal episode from the receipt of entirely different stolen property alleged to have occurred in April in Lycoming County.

Having determined that the Dauphin and Lycoming prosecutions are not based upon the same conduct and do not arise from the same criminal episode, the question of whether the Dauphin authorities were aware of the Lycoming offense at the time appellee pled guilty to receiving stolen property in Dauphin County is irrelevant. Nor need we address the question of whether the Lycoming offense could be considered within the jurisdiction of a single court. *Bracalielly,* 540 Pa. at 476, 658 A.2d at 763.

We also find that Section 110(1)(iii) will not bar the Lycoming prosecution, since possession and sale of 34 pieces of stolen jewelry in Dauphin County in January, 1992, is not the same conduct as possession of 280 different pieces of stolen jewelry in Lycoming County in April, 1992. Put another way, the Dauphin prosecution at no point alleged that appellee possessed the 280 pieces of jewelry seized in April, 1992, at the time she possessed and sold the 34 pieces in January, 1992, which conduct comprises the substance of the charges to which she pled guilty in Dauphin County. The

8. The trial court questions, hypothetically, whether appellee could have been charged and convicted more than once if, after the sale of stolen jewelry in Dauphin County, she had proceeded to Union, Northumberland, Snyder, and Perry Counties and sold additional pieces of stolen jewelry in each county. This would indeed constitute an "ongoing offense," *Commonwealth v. Downs,* 334 Pa.Super. 568, 579, 483 A.2d 884, 889 (1984), subject to one prosecution, precisely because, as the trial court points out, appellee would have to have had possession of *all* the stolen property at *some* point in time, in order to have effected the series of hypothetical sales.

The facts relied upon by the trial court establish, to the contrary, that appellee had possession, and effected a sale, of 34 pieces of stolen jewelry on January 24, 1992, in Dauphin County. The Commonwealth *alleges* that appellee had possession of 280 entirely different pieces of stolen jewelry on April 12, 1992, in Lycoming County in the Lycoming prosecution.

facts relied upon by the trial court indicate, to the contrary, that the remaining jewelry was still in the trunk of appellee's grandfather's car, and was next removed by appellee's *mother*, not appellee, in April, 1992. Moreover, as noted *supra*, the bill of particulars in the Lycoming prosecution is limited to the 280 items seized from the Hockenbury residence in April, 1992, and makes no reference to the 34 pieces of jewelry sold in Dauphin County. The intervening possession of the 280 pieces of jewelry by appellee's mother, coupled with appellee's inferred absence at the time her mother removed the jewelry from her father's (appellee's grandfather's) car and took them into the Hockenbury residence, supports our conclusion that the two prosecutions do not involve the same conduct *on the part of appellee*. Since the same conduct is not involved, we need not address whether the two offenses would each require proof of a fact not required by the other.

As our discussion above demonstrates, the facts support a determination that the two prosecutions for receiving stolen property involve separate and distinct criminal episodes, distinguishable by the facts supporting each charge, the locations and times at which each occurred, as well as the substance of the stolen property. Thus, Section 110 will not bar the Lycoming prosecution.

### III. Constitutional Claims against Double Jeopardy

Having concluded that neither Section 109 nor Section 110 bars the Lycoming prosecution, we next address appellant's claim that the trial court erred in determining that, under both the federal and state constitutions, double jeopardy bars a second prosecution of appellee for receiving stolen property.[9]

It is well-settled that protections afforded an individual under the double jeopardy clauses contained in the United States Constitution, U.S. Const., Amend. V, and the Pennsylvania Constitution, Pa. Const., art. I, § 10, are "coex-

---

9. *Hude, supra* (necessity to consider double jeopardy complaints only arises once it is determined that statute does not require granting relief requested).

tensive, involving the same meaning, purpose and end." *Commonwealth v. Quinlan*, 433 Pa.Super. 111, 120 n. 4, 639 A.2d 1235, 1240 n. 4 (1994), *citing Commonwealth v. McCane*, 517 Pa. 489, 539 A.2d 340 (1988). Applying a unitary analysis, both provisions protect an individual against a second prosecution for the same offense, where, as here, a conviction has occurred. When "successive prosecutions are at stake, the guarantee against double jeopardy serves a 'constitutional policy of finality for the defendant's benefit.'" *Commonwealth v. Downs*, 334 Pa.Super. 568, 573, 483 A.2d 884, 886 (1984), *quoting United States v. Jorn*, 400 U.S. 470, 479, 91 S.Ct. 547, 554, 27 L.Ed.2d 543 (1971) (plurality opinion). There are two separate and distinct privileges protected by the double jeopardy clauses: that an individual may not have to suffer successive prosecutions for a single wrongful act, and no individual may be punished more than once for the same offense. *Commonwealth v. Bolden*, 472 Pa. 602, 373 A.2d 90 (1977). The courts which sit in the various counties are part of a unified judicial system, and thus are precluded from separately prosecuting a defendant for a single criminal act. *Downs*, 334 Pa.Super. at 574, 483 A.2d at 887.

 The facts established thus far by the record support a determination that there are two criminal acts, initiated and completed in two different counties.[10] Again, the trial court

10. We need not address that part of the trial court's analysis which relies upon the Supreme Court's decision in *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), as *Grady* was overruled in *United States v. Dixon*, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). However, the trial court's references to and reliance upon the *"Blockburger* test" and decisions which have evolved from *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), are inapposite to the facts of this case. In the event that one act gives rise to two statutory violations, the *"Blockburger* test" inquires whether each offense contains an element not contained in the other. *Commonwealth v. Mary M. Caufman*, 541 Pa. 299, 662 A.2d 1050 (1995).

 The concern instantly is whether a second prosecution for violating the same statutory provision, allegedly occurring on two separate dates, by two distinct acts, violates the privilege against double jeopardy. Thus, making a determination with respect to whether "each of the offenses created requires proof of a different element," *Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182, is irrelevant. *Id.* (where one act constitutes violation of two provisions, test to apply to determine whether

determined that in a subsequent prosecution in Lycoming County, the Commonwealth would "prove the same conduct, that is, the Defendant intentionally and knowingly received stolen property consisting of jewelry stolen in *a single burglary* occurring ... two years prior to the *discovery of the Defendant's possession* of that stolen property." We can only surmise by this statement that the trial court is concerned that subsequent prosecution for a second charge of receiving stolen property might result in a de facto prosecution for the Bird burglary. To this, we say again, appellee has not been charged with this offense, and she may not be tried for it. Moreover, appellee's "possession of the stolen property" is only *alleged* in the Lycoming prosecution, thus no "*discovery* of the Defendant's possession of that stolen property [the 280 pieces seized in April]" has yet occurred; it remains for the Commonwealth to prove possession beyond a reasonable doubt in any subsequent prosecution in Lycoming County.

 Our review of the trial court's analysis demonstrates that the court essentially conducted an assessment of what, in its opinion, the Commonwealth would be required to establish in order to *convict* appellee if the Lycoming prosecution is allowed to proceed. The trial court concludes that the evidence is insufficient without proof of the facts that led to the Dauphin conviction, and determines that this constitutes double jeopardy. However, an overlap in proof offered in two prosecutions does not constitute a double jeopardy violation. *United States v. Felix,* 503 U.S. 378, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992).

 In any event, the adequacy, or inadequacy, of the proof required for the Commonwealth to succeed in gaining a *conviction* in the Lycoming prosecution is not the issue before us. It is inappropriate at this stage to substitute a preemptive assessment of the sufficiency of evidence required for the Commonwealth to succeed in a conviction *after* trial, for a determination with respect to whether appellee's rights

there are two offenses or one is whether each provision requires proof of additional fact not required by the other).

against again being placed in jeopardy for the same offense precludes *any* trial from taking place at all.

Because the facts support a finding that the Dauphin and Lycoming prosecutions involve separate and distinct criminal offenses stemming from separate criminal episodes, unrelated by time, location, and subject matter, with no logical relationship aside from the source of the stolen property, the constitutional guarantees against twice being placed in jeopardy for the same offense are inapplicable to the Lycoming prosecution; principles of double jeopardy only operate to bar double prosecutions for a single offense. *Downs,* 334 Pa.Super. at 575, 483 A.2d at 887.

The record does not support the trial court's determination that the Dauphin and Lycoming prosecutions involve either a single act or a single criminal episode. Thus, the legal conclusion that a subsequent prosecution in Lycoming County would violate appellee's privilege against being twice placed in jeopardy for the same offense does not legitimately follow.

Accordingly, we reverse the order of the trial court dismissing the charges filed against appellee in Lycoming County.

Order reversed and case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.