675 A.2d 1263

**COMMONWEALTH of Pennsylvania**

v.

**John S. HUDAK, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 14, 1995.

Filed April 16, 1996.

272

Joel M. Dresbold, Pittsburgh, for appellant.

Barbara A. Jollie, Assistant District Attorney, Greensburg, for Commonwealth, appellee.

Before CAVANAUGH, JOHNSON and CERCONE, JJ.

JOHNSON, Judge:

In this appeal, we are asked to determine whether the principles of double jeopardy barred the prosecutions of a defendant in two different counties for receiving stolen property (RSP), where the defendant stole an automobile in one county and drove it into a second county. Because we find that the offenses constituted separate criminal episodes initi-

ated and completed in two different counties, we conclude that the principles of double jeopardy were not implicated.

On April 28, 1994, John S. Hudak was arrested and charged with RSP in Allegheny County in connection with an automobile that he had taken from a parking lot in Westmoreland County earlier that week. On June 15, 1994, Hudak pleaded guilty to that charge, and the court sentenced him to a term of 6 months' intermediate punishment followed by 24 months' probation.

On July 8, 1994, Westmoreland County authorities charged Hudak with theft by unlawful taking or disposition of the same automobile and two counts of RSP in regard to the car and the personal items found therein. Hudak filed a motion to dismiss these charges, claiming that the prosecution in Westmoreland County was precluded because of his guilty plea to the charge in Allegheny County. The court denied this motion. Following a bench trial, Hudak was found guilty of all charges. After determining that the sentence for the RSP convictions merged with the sentence for the theft conviction, the court sentenced Hudak to a term of 2 to 4 years' imprisonment. This appeal followed.

On appeal, Hudak raises the following issue:

> Did the lower court err in trying and sentencing [Hudak] on Theft by Unlawful Taking and two counts of [RSP] in regard to the theft of an automobile, after [Hudak] had previously pleaded guilty and been sentenced in a different county to [RSP] in regard to the theft of the same automobile?

Brief for Appellant at 3.

Initially, we note that a defendant is guilty of theft by unlawful taking or disposition "if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S. § 3921(a). A defendant is guilty of RSP "if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen...." 18 Pa.C.S. § 3925(a). The word "receiving," as used by that section, means "acquiring posses-

sion, control or title. . . ." 18 Pa.C.S. § 3925(b). Further, this Court has determined that one who is the original misappropriator of property can be convicted as the receiver of that property. *Commonwealth v. Shaffer*, 279 Pa.Super. 18, 26, 420 A.2d 722, 726 (1980); *Commonwealth v. Kuykendall*, 318 Pa.Super. 429, 465 A.2d 29 (1983).

■ In his brief to this Court, Hudak maintains that he should not have been prosecuted in Westmoreland County for theft by unlawful taking because "one cannot be sentenced for taking an item after he has been sentenced for illegally receiving the same item. . . ." In making this claim, Hudak relies upon a long line of cases which hold that *for sentencing purposes,* the crime of RSP merges into the crime of theft by unlawful taking. *See Commonwealth v. Wilson,* 312 Pa.Super. 77, 81, 458 A.2d 244, 245 (1983); *Commonwealth v. Murray,* 246 Pa.Super. 422, 427, 371 A.2d 910, 912 (1977). However, there is no merger issue present in this case. Hudak does not allege that the sentence he received in Westmoreland County was improper. In fact, Hudak could not prevail on such a claim because the Westmoreland County sentence for RSP was properly merged with his sentence for theft by unlawful taking. Rather, Hudak maintains that the Westmoreland *prosecution* should have been barred because of the sentence he had already received in Allegheny County. Hudak fails to set forth any authority to support this position, and we are unaware of any such authority. As a result, we find no merit to this contention.

■ Hudak also asserts that the Westmoreland County prosecution for RSP in connection with the automobile should have been barred because it violated the provisions of 18 Pa.C.S. § 109. In pertinent part, § 109 provides:

When a prosecution is for a violation of the same provision of the statutes and is based upon the same facts as a former prosecution, it is barred by such former prosecution under the following circumstances:

\* \* \* \* \* \*

(3) The former prosecution resulted in a conviction. There is a conviction if . . . a plea of guilty [has been] accepted by the court.

18 Pa.C.S. § 109(3). Here, Hudak was charged with RSP in both jurisdictions, and he entered a guilty plea to the Allegheny County charge, which constituted a conviction for purposes of § 109. However, the trial court found and, after a review of the record, we agree that the prosecutions in each county were based upon different facts. Specifically, the Allegheny County prosecution was based upon Hudak's possession or retention of the automobile in Allegheny County on April 28, 1994, while the prosecution in Westmoreland County was based upon his possession or retention of the car in Westmoreland County on April 25, 1994. Thus, because these prosecutions were based upon different facts, we conclude that § 109 did not bar the prosecution in Westmoreland County.

Having reached this conclusion, we next address Hudak's claim that the second prosecution for RSP was barred by principles of double jeopardy. *Commonwealth v. Hockenbury,* 446 Pa.Super. 593, 606 n. 9, 667 A.2d 1135, 1142 n. 9 (1995) ("necessity to consider double jeopardy complaints only arises once it is determined that statute does not require granting relief requested"), citing *Commonwealth v. Hude,* 500 Pa. 482, 458 A.2d 177 (1983).

It is well-settled that protections afforded an individual under the double jeopardy clauses contained in the United States Constitution, U.S. Const., Amend. V, and the Pennsylvania Constitution, Pa. Const., art. I, § 10, are "coextensive, involving the same meaning, purpose and end." *Commonwealth v. Quinlan,* 433 Pa.Super. 111, 120 n. 4, 639 A.2d 1235, 1240 n. 4 (1994)[, *alloc. granted,* 540 Pa. 648, 659 A.2d 986 (1995) ]. Applying a unitary analysis, both provisions protect an individual against a second prosecution for the same offense[ ] where . . . a conviction has occurred.

*Id.* at 606–607, 667 A.2d at 1142. In the present case, although the same car was involved in both offenses, Hudak retained or possessed the stolen car in two different counties on two different dates; thus, the elements of RSP were

established in each jurisdiction. Accordingly, we find that the facts support a determination that the Allegheny and Westmoreland County prosecutions involved separate and distinct criminal offenses stemming from separate criminal episodes, initiated and completed in two different counties. Because the "principles of double jeopardy only operate to bar double prosecutions for a single offense[,]" *id.* at 609, 667 A.2d at 1143, we must conclude that Hudak's prosecution in Westmoreland County for RSP in connection with the automobile was not barred on those principles.

Finally, Hudak contends, in essence, that the Westmoreland County prosecution for RSP in connection with the personal items located in the automobile should have been barred because it violated the provisions of 18 Pa.C.S. § 110. However, after a review of the record, the briefs of the parties, the applicable law and the Opinion of the trial court, it is our determination that there is no merit to this claim. The distinguished trial judge, the Honorable Gary P. Caruso, adequately discussed and properly disposed of this question. Accordingly, we affirm this contention on the basis of the trial court Opinion, dated September 2, 1994, at 3–4.

Based on the foregoing, we affirm the judgment of sentence.

Judgment of Sentence Affirmed.

APPENDIX

In the Court of Common Pleas of Westmoreland County, Pennsylvania

Criminal Division—Law

Commonwealth of Pennsylvania

v.

John Hudak.

No. 1637 C 1994.

### DECISION AND ORDER

CARUSO, Judge.

THIS matter is before the court as the result of the defendant's Motion to Dismiss. The defendant contends that

since he was allegedly convicted of charges stemming from the same incident in Allegheny County, he cannot now be convicted in Westmoreland County. On April 25, 1994, this defendant is alleged to have taken an automobile owned by Jason Ferreti that was then located at 10511 Center Highway, North Huntington, Westmoreland County. On April 28, 1994 the defendant was arrested in while in possession of this vehicle in Glassport, Allegheny County. A criminal information was filed in Westmoreland County charging the defendant with the commission of certain crimes in Westmoreland County that were alleged to have occurred on April 25, 1994. Specifically the charges are Theft by Unlawful Taking or Disposition, and two counts of Receiving Stolen Property. The factual basis for the charges in Westmoreland County are that the defendant committed the theft of the automobile in Westmoreland County, that he intentionally received, retained or disposed of the stolen automobile while in Westmoreland County and that he intentionally received, retained or disposed of certain stolen personal property contained in the automobile while in Westmoreland County.

There was also filed in Allegheny County a criminal information charging the defendant with the crime of Receiving Stolen Property alleging that this crime took place on April 28, 1994. The factual basis is that on April 28, 1994 while in Allegheny County, the defendant received, retained or disposed of the subject stolen automobile.

On June 15, 1994, the defendant entered a plea of guilty to the charge of Receiving Stolen Property in Allegheny County and was sentenced that same day.

The defendant contends that to be prosecuted on the Westmoreland County charges constitutes double jeopardy under the Fifth Amendment of the United States Constitution and Article 1, Sec. 10 of the Constitution of Pennsylvania and that Pennsylvania law bars further prosecution of the defendant.

The defendant first addresses the charge of Receiving Stolen Property. The defendant directs the court's attention to 18 Pa.C.S. Sec. 109. That section sets forth the following:

When former prosecution is for a violation of the same provisions of the statutes and is based upon the same facts as the former prosecution, it is barred by such former prosecution under the following circumstances:

... (3) The former prosecution resulted in a conviction. There is a conviction if ... a plea of guilty is accepted by the court.

However, the prosecution in Allegheny County is not based upon the same facts as the prosecution in Westmoreland. The prosecution in Allegheny County is based upon possession of the property on April 28, 1994, in Glassport, Allegheny County. The prosecution in Westmoreland County is based upon possession of the property on April 25, 1994 in Westmoreland County. These are two distinct crimes. Certainly, Westmoreland County does not have jurisdiction to prosecute the defendant for possession of stolen property in Allegheny County. These offenses were committed against the peace of the respective counties and therefore the defendant was properly charged in both. *Commonwealth v. Caden*, 326 Pa.Super. 192, 473 A.2d 1047 (1984).

This same rationale applies to the defendant's argument with regard to the charge of Theft by Unlawful Taking filed in Westmoreland. The charge of theft requires the proof of different elements to sustain a conviction. The factual basis set forth in the information in Westmoreland County for the charge of Theft by Unlawful Taking is different than the facts set forth as the basis for the charge of Receiving Stolen Property in Allegheny County. Again, the crime of Theft by Unlawful Taking was committed against the peace of Westmoreland County and therefore the defendant was properly charged in this county.

The defendant next contends that he cannot be prosecuted for the crime of Receiving Stolen Property with regard to the personal property that was located in the automobile at the time that it was stolen because this crime should have been charged in Allegheny County at the time the defendant was found in possession of the automobile. In support of this

contention the defendant cites the case of *Commonwealth v. Campana*, 452 Pa. 233, 304 A.2d 432 (1973) and 314 A.2d 854 (Pa.1974) and 18 Pa.C.S. Sec. 110. This case and the provisions of the cited section establishes protection against multiple prosecutions arising from the same conduct or criminal episode. However, as the Superior Court directed in the case of *Commonwealth v. Harris*, 275 Pa.Super. 18, 418 A.2d 589 (1980), regardless of the relationship of the offenses, the application of Sec. 110 requires that the offense must have been within the jurisdiction of a single court. It will certainly remain a matter of proof regarding what items of personal property were in the vehicle at the time that it was taken in Westmoreland County, however, the charges were properly brought in this jurisdiction. There is a statutory qualification that the offenses have been "within the jurisdiction of a single court." *18 Pa.C.S. Sec. 110(1)(ii)* Here, the offenses have been committed in two different jurisdictions.

## ORDER OF COURT

AND NOW, this 2nd day of September, 1994, in accordance with the foregoing DECISION, the Motion to Dismiss is DENIED.