**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY DEFILIPPO | |
| Appellant | No. 1568 WDA 2014 |

Appeal from the PCRA Order dated August 22, 2014
In the Court of Common Pleas of Potter County
Criminal Division at No: CP-53-CR-0000112-2011

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY DEFILIPPO | |
| Appellant | No. 1569 WDA 2014 |

Appeal from the PCRA Orders dated August 22, 2014
In the Court of Common Pleas of Potter County
Criminal Division at No: CP-53-CR-0000113-2011

BEFORE:  BENDER, P.J.E., STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 29, 2015**

Appellant Anthony Defilippo appeals from the August 22, 2014 orders of the Court of Common Pleas of Potter County ("PCRA court"), which dismissed without a hearing his request for collateral relief under the Post

_____

[*] Retired Senior Judge assigned to the Superior Court.

Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm.

A prior panel of this Court summarized the facts and procedural history underlying this case as follows.

> As to [1569 WDA 2014], on February 5, 2009, Appellant attempted to sell one-half ounce of cocaine to Pennsylvania State Police Trooper Nicholas Madigan. On March 3, 2009, Appellant sold one ounce of marijuana and a .22 caliber Colt handgun to Trooper Madigan.[FN.1] On March 10, 2009, Appellant sold Trooper Madigan an over/under rifle, ten morphine pills, and one ounce of marijuana.[FN.2] On March 16, 2009, Appellant sold Trooper Madigan Adderall, oxycodone, a .22 caliber handgun, and a .22 caliber rifle.[FN.3] The serial number on the .22 caliber handgun had been obliterated. On March 26, 2009, Appellant sold Trooper Madigan a handgun and a rifle. A juvenile was present during the transaction. Finally, on March 30, 2009, Appellant sold Trooper Bobby Clegg a handgun, a shotgun, and a rifle. The serial numbers on the handgun and shotgun were obliterated.
>
> > [FN.1] Although Trooper Madigan sought to purchase one ounce of marijuana, it appears Appellant only gave Trooper Madigan one-half ounce of marijuana.
> >
> > [FN.2] This time, even though Trooper Madigan paid for one ounce of marijuana, he only received approximately three-quarters of an ounce.
> >
> > [FN.3] Trooper Madigan paid for one ounce of marijuana; however, he only received approximately three-quarters of an ounce. Also, the oxycodone pills were actually morphine.
>
> As to [1568 WDA 2014], Appellant and three co-conspirators burglarized a log cabin located at the corner of Sunnyside Rd. and Canda Hollow Rd. and three seasonal residences located on Dug Rd. They stole a chain saw, planer, and a Redi heater. They then traveled to New York to sell the stolen goods.
>
> The procedural histories of these cases are as follows. In [1569 WDA 2014], the criminal complaint was filed on November 12, 2010. Appellant was arrested on November 12, 2010. A 33-count information was filed on June 1, 2011 and an amended 33-count information was filed on August 3, 2011. On March 7, 2013, Appellant pled guilty to seven counts of manufacture, delivery, or possession with intent to deliver a controlled

substance [(35 P.S. § 780-113(a)(30))], possession of a firearm with an altered serial number [1(8 Pa.C.S.A. § 6110.2(a))], criminal use of a communication facility [(Pa.C.S.A. § 7512(a))], and transfer of a firearm by an unlicensed individual [(18 Pa.C.S.A. § 6111(c))]. That plea was accepted on March 11, 2013. On March 13, 2013, Appellant filed a motion to dismiss the charges pursuant to Pennsylvania Rule of Criminal Procedure 600. The trial court denied the motion on May 7, 2013.

In [1568 WDA 2014], a criminal complaint was filed on November 23, 2010. A 13-count information was filed on June 1, 2011. On March 7, 2013, Appellant pled guilty to burglary [(18 Pa.C.S.A. § 3502(a))], theft by unlawful taking [(18 Pa.C.S.A. § 3921(a))], and criminal mischief [(18 Pa.C.S.A. § 3304(a)(5))]. That plea was accepted on March 11, 2013. On March 13, 2013, Appellant filed a motion to dismiss the charges pursuant to Pennsylvania Rule of Criminal Procedure 600. The trial court denied the motion on May 7, 2013. On May 9, 2013, Appellant was sentence[d] to an aggregate term of 10 to 20 years' imprisonment for the two cases.[1]

***Commonwealth v. Defilippo***, Nos. 973 WDA 2013, 974 WDA 2013, unpublished memorandum, at 1-4 (Pa. Super. filed January 8, 2014) (some footnotes omitted). On appeal, this Court affirmed Appellant's judgments of sentence.[2]

On April 29, 2014, Appellant *pro se* filed the instant PCRA petition. On April 30, 2014, the PCRA court appointed Jarett Smith, Esquire, to represent Appellant. On July 31, 2014, the PCRA court sent Appellant a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. Following receipt of Appellant's response to the Rule 907 notice, on August 22, 2014,

---

[1] The record reveals that at 1568 WDA 2014 Appellant received an aggregate sentence of 21 to 42 months in prison to run concurrently with his sentence of 120 to 240 months' imprisonment at 1569 WDA 2014.

[2] Appellant did not file a petition for allowance of appeal to our Supreme Court.

the court dismissed Appellant's PCRA petition. Appellant filed a timely appeal to this Court. Following Appellant's filing of a Pa.R.A.P. 1925(b) statement of errors complained of appeal, the PCRA court issued a Pa.R.A.P. 1925(a) opinion, incorporating the reasons set forth in its July 31, 2014 Rule 907 notice to dismiss.

On appeal,[3] Appellant raises three issues for our review. First, Appellant argues his sentence at 1568 WDA 2014 is illegal because the sentence for theft by unlawful taking of a firearm should have merged with the burglary sentence. Second, Appellant argues the trial court abused its discretion in imposing a consecutive sentence at 1569 WDA 2014, resulting in an aggregate sentence of 120 to 240 months' imprisonment. Third, Appellant argues the PCRA court erred in dismissing his petition without a hearing.

Appellant first contends his conviction for theft by unlawful taking of a firearm should have merged with his conviction for burglary, a more serious charge. We disagree.

"Whether Appellant's convictions merge for sentencing is a question implicating the legality of Appellant's sentence. Consequently, our standard

_____

[3] "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014) (quoting *Commonwealth v. Rainey*, 928 A.2d 215, 223 (Pa. 2007)).

of review is *de novo* and the scope of our review is plenary." ***Commonwealth v. Baldwin***, 985 A.2d 830, 833 (Pa. 2009). The burglary statute in the Crimes Code contains a specific merger provision: "A person may not be convicted both for burglary and for the offense which it was his intent to commit after the burglarious entry or for an attempt to commit that offense, **unless the additional offense constitutes a felony of the first or second degree**." 18 Pa.C.S.A. 3502(d) (emphasis added). As we have explained, "[t]he purpose of Section 3502(d) . . . is to prevent dual punishment for burglary and the offense which the accused intended to commit when he effected his entry." ***Commonwealth v. Downs***, 483 A.2d 884, 890 (Pa. Super. 1984). "Conviction for the purpose of 18 Pa.C.S.A. § 3502(d) refers not to the verdict but to the judgment of sentence." ***Commonwealth v. Couch***, 731 A.2d 136, 144 (Pa. Super. 1999), ***appeal denied***, 743 A.2d 914 (Pa. 1999). Thus, a person cannot be sentenced separately for both burglary and the crimes that he intended to commit while within the building, except for when the crimes constitute a felony of the first or second degree. ***See generally id.***

With the foregoing principles in mind, we conclude the sentencing court did not impose an illegal sentence. Our review of the record indicates that, at 1568 WDA 2014, Appellant was sentenced to 18 to 36 months' imprisonment for burglary, a felony of the first degree, and 21 to 42 months'

imprisonment for theft by unlawful taking of a firearm, **a felony of the second degree**.[4]  Accordingly, under the clear and unambiguous language of Section 3502(d), theft by unlawful taking, graded as a second-degree felony, does not merge as a matter of law with a burglary conviction.

Appellant next argues the sentencing court abused its discretion in imposing a consecutive sentence for two counts of possession with intent to deliver ("PWID") Marijuana (< 1 lbs.).  For each PWID count, the sentencing court imposed a sentence of 60 to 120 months' imprisonment, resulting in an aggregate sentence of 120 to 240 months in prison.

We, however, reject this argument as waived.  Here, the record indicates Appellant failed to challenge the discretionary aspects of his sentence in a post-sentence motion and on direct appeal.  The PCRA provides that waiver occurs where "the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding."  42 Pa.C.S.A. § 9544(b).  Thus, failure to raise a claim that was available on direct appeal waives the claim for purposes of collateral review.  ***Commonwealth v. Mitchell***, 105 A.3d 1257, 1288-89 (Pa. 2014).  Moreover, instantly, Appellant raises the discretionary aspects of sentence challenge as a standalone claim.  In other words, Appellant does not couch this claim as an ineffective assistance of

_____

[4] Appellant confirms this fact in his brief.  ***See*** Appellant's Brief at 10-11.

counsel claim. We long have held that challenges to the discretionary aspects of sentencing are not cognizable under the PCRA. *Commonwealth v. Fowler*, 930 A.2d 586, 593 (Pa. Super. 2007), *appeal denied*, 944 A.2d 756 (Pa. 2008). *But see Commonwealth v. Hernandez*, 755 A.2d 1, 6 (Pa. Super. 2000) (holding discretionary aspects of sentencing claims couched within claim of ineffective assistance of counsel claim were cognizable under PCRA).

We now turn to Appellant's last argument that the PCRA court erred in dismissing his petition without a hearing. We, however, reject this argument for want of merit. It is well-settled that the right to an evidentiary hearing on a post-conviction petition is not absolute. *Commonwealth v. Payne*, 794 A.2d 902, 906 (Pa. Super. 2002), *appeal denied*, 808 A.2d 571 (Pa. 2002). In fact, in *Commonwealth v. Jordan*, 772 A.2d 1011 (Pa. Super. 2001), we explained:

> A PCRA court may decline to hold a hearing if the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. A reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing.

*Id.* at 1014 (internal citations omitted). Thus, a PCRA court may dismiss a petition for collateral relief without holding a hearing if there are no genuine issues concerning any material fact. Pa.R.Crim.P. 907(1); *Commonwealth v. Springer*, 961 A.2d 1262, 1264 (Pa. Super 2008). Instantly, the PCRA court did not err in declining to hold an evidentiary hearing, because, as we

- 7 -

noted above, the issues upon which Appellant seeks collateral relief do not require factual findings. His first issue concerning merger of theft by unlawful taking into burglary involves a pure question of law. In addition, Appellant's second issue relating to the discretionary aspects of sentencing is waived.

In sum, based on the foregoing reasons, we conclude the PCRA court did not err in dismissing without a hearing Appellant's petition for collateral relief.[5]

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/29/2015

---

[5] To the extent Appellant argues the PCRA court did not permit appointed counsel to file an amended PCRA petition, **see** Appellant's Brief at 15, we reject this argument as misleading. Our review of the docket indicates the PCRA court granted appointed counsel seven days to file "**any amendments**" to Appellant's *pro se* PCRA petition. PCRA Court Order, 7/8/14 (emphasis added).