465 A.2d 29

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Earl William KUYKENDALL.**

Superior Court of Pennsylvania.

Argued March 8, 1983.

Filed Aug. 26, 1983.

William A. Helm, District Attorney, Lewistown, for Commonwealth, appellant.

John B. Schaner, Lewistown, for appellee.

Before CERCONE, President Judge, and WICKERSHAM and MONTEMURO, JJ.

CERCONE, President Judge:

The Commonwealth here appeals from the order entered by the Court of Common Pleas of Mifflin County on November 24, 1981, granting appellee-defendant's Motion for Arrest of Judgment, following appellee's conviction in a trial by jury of Receiving Stolen Property. For the reasons detailed *infra*, the order of the lower court is vacated.

The evidence adduced by the Commonwealth at trial showed that appellant, together with his girlfriend, Dorothy Myers, drove to New York City in October, 1980 in appellant's blue, 1970 Chevrolet Monte Carlo Sport Coupe. The automobile sustained irreparable damage while being driven in the city by a friend of appellant who remains unidentified. Ms. Myers testified that appellant, upon learning of the demolition of his car in the accident, set out with some friends to steal a replacement vehicle in New York City. The men came upon a two-tone green, 1971 Chevrolet Monte Carlo Sport Coupe owned by Jaime Acosta of 251 Seaman Avenue, New York City. Ms. Myers stated that the men, having removed the metal plate containing the serial number from appellant's wrecked Monte Carlo, removed the serial number from the Acosta vehicle and replaced it with appellant's serial number which was then painted green in order to match the color of the stolen Acosta Monte Carlo. Appellant and Ms. Myers then drove the stolen car from New York City to their hometown of Lewistown, Pennsylvania where appellant was later arrested and charged with Theft By Receiving Stolen Property [1] and Dealing in Vehicles With Removed or Falsified Numbers.[2]

1. 18 Pa.C.S.A. § 3925.

2. 75 Pa.C.S.A. § 7103.

Appellant proceeded to a trial by jury and, on May 22, 1981, was found guilty of Receiving Stolen Property and not guilty of Dealing in Vehicles With Removed or Falsified Numbers. Appellant's Motion For Arrest of Judgment in which he alleged, *inter alia*, that he could not be convicted of Receiving Stolen Property in Pennsylvania where the evidence adduced by the Commonwealth shows that he stole the property in New York and then brought the stolen article into Pennsylvania, was filed with the lower court on June 1, 1981. Following oral argument on the motion, the lower court entered an order,[3] dated November 24, 1981, arresting appellant's conviction by jury of Receiving Stolen Property. The Commonwealth now appeals from that order, arguing, contrary to the holding of the lower court, that an individual who commits a theft in another state and then brings the stolen goods into Pennsylvania and keeps them is susceptible of conviction for Receiving Stolen Property under Pa.C.S.A. 3925.

The apparent basis for the holding of the lower court was the case of *Simmons v. The Commonwealth*, 5 Binney 617 (1813), wherein our Supreme Court ruled that the defendant could not be tried for the substantive crime of theft in Pennsylvania where the stolen goods, in that case silverware, were originally misappropriated in Delaware and only later removed by the thief to Pennsylvania. We agree with the view espoused by the Commonwealth that *Simmons* is

3.                                    ORDER

Now, November 24, 1981, after argument of June 19, 1981, on Defendant's Motion In Arrest of Judgment, perusal of Defendant's Brief and acceptance of the Commonwealth's election to dispense with Brief and acceptance of the Commonwealth's election to dispense with Brief, the Court concludes that there was no evidence of any acquisition of subject vehicle except by theft by taking by Defendant in the State of New York, that there was no evidence of receiving under Section 3925 of the Crimes Code and that one cannot be convicted in Pennsylvania of theft by receiving on evidence of theft by taking in the State of New York and arrests judgment of conviction by verdict.

BY THE COURT,
R. Lee Ziegler
P.J.

readily distinguishable from the case *sub judice* in that the instant defendant was charged and convicted in Pennsylvania not of Theft by Unlawful Taking [4] but rather of Theft by Receiving Stolen Property.[5]  As a result, we believe the dispositive case is *Commonwealth v. Farrar*, 271 Pa.Superior Ct. 434, 413 A.2d 1094 (1979).  Appellant Farrar was arrested and charged under Pennsylvania law with receiving stolen property, *viz.*, two antique china closets and one antique table which she and her son and husband had unlawfully removed from a house in Rockville, Maryland and later transported to their home in Pennsylvania.  In appealing from her conviction of theft by receiving stolen property, Farrar argued that the Pennsylvania trial court did not enjoy jurisdiction of the case since the crime was perpetrated before she and her family moved to Pennsylvania, and that once she received and retained the stolen goods in Maryland, the offense terminated.  Writing for a unanimous panel of our Court, Judge Spaeth rejected appellant's argument and noted that in prior cases "we have suggested that the legislature's inclusion of a prohibition against retaining and disposing of stolen property makes this offense 'ongoing.' "  *Id.*, 271 Pa.Superior Ct. at 442, 413 A.2d at 1098 (citations omitted).  Consequently, we accord no significance to the fact that the stolen car in the case at bar was originally received and retained by unlawful means in the State of New York.

In its order of November 24, 1981, in which it arrested appellee's judgment of conviction, the lower court ruled that "one cannot be convicted in Pennsylvania of theft by receiv-

---

4.  Section 3921 provides in pertinent part:
    (a) Movable property.—A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof.

5.  Under Section 3925, Receiving Stolen Property is defined as follows:
    (a) Offense defined.—A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.

ing on evidence of theft by taking in New York..." In so holding, the lower court apparently placed some reliance on the contentions advanced in appellee's Brief for Motion In Arrest of Judgment that "[a] person cannot 'receive' from *himself*," and that "[r]eceiving stolen property includes [sic] element of knowing or believing that the property has been stolen by *another*." (Emphasis supplied). These very notions were forever put to rest in *Commonwealth v. Shaffer*, 279 Pa.Superior Ct. 18, 420 A.2d 722 (1980). In that case, we re-examined and subsequently rejected the maxim that "a thief of goods cannot be the receiver of the same goods." *Id.*, 279 Pa.Superior Ct. at 24, 420 A.2d 725. In *Shaffer*, we noted that the vitality of this ancient precept in Pennsylvania was open to grave doubt in view of the consolidation of the numerous, and sometimes archaic, common law theft offenses into the single offense of "theft" in the Crimes Code.[6] The new crime of "theft" is

> intended to embrace the offenses heretofore known as larceny, embezzlement, false pretense, extortion, blackmail, fraudulent conversion, receiving stolen property, and the like. It is intended by this subsection and this article to eliminate the technical distinctions between larceny, fraudulent conversion, etc. The basic philosophy adopted is that if a person takes something which does not belong to him, this constitutes theft. It is contemplated that the indictment will state the facts justifying the conclusion that a theft was committed.

**6.** 18 Pa.C.S.A. § 3902 provides as follows:

Consolidation of theft offenses

Conduct denominated theft in this chapter constitutes a single offense. An accusation of theft may be supported by evidence that it was committed in any manner that would be theft under this chapter, notwithstanding the specification of a different manner in the complaint or indictment, subject only to the power of the court to ensure fair trial by granting a continuance or other appropriate relief where the conduct of the defense would be prejudiced by lack of fair notice or by surprise.

1972, Dec. 6, P.L. 1482, No. 334, § 1, eff. June 6, 1973.

Toll, Pennsylvania Crimes Code Annot. § 3902 at 420 (1974), reprinting the Comment of the Joint State Gov't Comm'n (1967).

*Shaffer,* 279 Pa.Superior Ct. at 25, 420 A.2d at 725–26.

Quoting from the comments to the Model Penal Code provision upon which 18 Pa.C.S.A. § 3925 is based, it was observed in *Shaffer, supra,* that

Consolidation of receiving with other forms of theft affords the same advantages as other aspects of the unification of the theft concept. It reduces the opportunity for technical defenses based upon legal distinctions between the closely related activities of stealing and receiving what is stolen. *One who is found in possession of recently stolen goods may be either the thief or the receiver; but if the prosecution can prove the requisite thieving state of mind it makes little difference whether the jury infers that the defendant took directly from the owner or acquired from the thief.*

Model Penal Code, Tent. Draft. No. 2, § 206.8, Comment 1.

*Id.,* 279 Pa.Superior Ct. at 25–26, 420 A.2d at 726. (Emphasis supplied).

Summarizing, Judge Spaeth in *Shaffer* stated that "[g]iven the drafters' intent to remove 'all artificial distinctions between different forms of theft (including receiving stolen property)' ... and to make the focus in a criminal prosecution of all theft offenses the accused's 'thieving state of mind,' it would be anomalous to hold that one who is the original misappropriator of the property cannot be convicted under section 3925 as the receiver of the property when the language of section 3925[7] is so worded as to proscribe the misappropriator's conduct." *Id.,* 279 Pa.Superior Ct. at 26–27, 420 A.2d at 721.[8] (Citations omitted).

7. *See* n. 6, *supra.*

8. *See* also *Commonwealth v. Haines,* 296 Pa.Superior Ct. 257, 263, 442 A.2d 757, 760 (1982).

The lower court, in granting appellee's Motion for Arrest of Judgment, erred as a matter of law. Consequently, we must reverse, vacate the order of the lower court arresting appellee's conviction, reinstate the verdict of the jury, and remand for sentencing.

Jurisdiction relinquished.[9]

---

**9.** Insofar as appellee has not filed a cross-appeal, we are not required to address its secondary argument which is in no way implicated by the sole issue raised by the Commonwealth in its appeal.