J-A11033-19

2019 PA Super 361

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOSEPH MANUEL MALDONADO-VALLESPIL | |
| Appellant | No. 1430 MDA 2018 |

Appeal from the Judgment of Sentence imposed July 19, 2018
In the Court of Common Pleas of Berks County
Criminal Division at No: CP-06-CR-0006157-2017

BEFORE:  BOWES, OLSON, and STABILE, JJ.

OPINION BY STABILE, J.:                    **FILED DECEMBER 20, 2019**

Appellant, Joseph Manuel Maldonado-Vallespil, appeals from the judgment of sentence imposed on July 19, 2018 in the Court of Common Pleas of Berks County after a jury convicted him of receiving stolen property, 18 Pa.C.S.A. § 3925.   Appellant contends the trial court did not have jurisdiction over the crime.  We agree and, therefore, vacate the judgment of sentence.

In its Rule 1925(a) opinion, the trial court provided the following statement of facts:

> On October 31, 2017, the victim in this case, Jose Munoz ("Mr. Munoz"), resided at 507 N. 14th Street, Reading, Berks County, Pennsylvania ("the Residence"), and was the owner of the Sonador construction company.  Appellant was one of Mr. Munoz's employees.

On the above date, Appellant contacted Mr. Munoz and informed him that he would not be working for him anymore. On that same day, Mr. Munoz arrived at work and noticed that he was missing some tools from the inside of his truck. When Mr. Munoz arrived at the Residence later that afternoon, he contacted the police department regarding the missing items. Law enforcement officers arrived at the Residence and Mr. Munoz showed them where the tools were supposed to be inside of his truck. While the officers were present, Mr. Munoz contacted Appellant via telephone and asked him to return the tools. Appellant admitted that he took Mr. Munoz's tools and sold them. Appellant stated that he needed to speak to the purchaser of the tools in order to have them returned. Appellant was instructed by law enforcement to return the tools by 8:00 a.m. the following day. No charges were filed that evening in order to allow Appellant to return the missing tools. Appellant subsequently requested that Mr. Munoz grant him some additional time but Mr. Munoz adhered to the 8:00 a.m. deadline. Appellant failed to return the tools.

Trial Court Opinion, 11/7/18, at 2-3 (references to notes of trial testimony omitted).

Appellant was charged with theft from a motor vehicle, receiving stolen property, and theft by unlawful taking or disposition. The case proceeded to a jury trial on July 18, 2018. After the prosecution rested, Appellant's counsel moved for a judgment of acquittal, arguing the Commonwealth failed to establish jurisdiction. Following argument, the trial court denied the motion. At the conclusion of the defense case, counsel again moved for a judgment of acquittal and the trial court again denied the motion.

Following deliberations, the jury found Appellant guilty of receiving stolen property but acquitted him on the theft charges. The trial court sentenced Appellant to serve one to five years in a state correctional facility and gave him credit for time served totaling 246 days. Appellant filed a post-

sentence motion, which the trial court denied. This timely appeal followed.

Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant asks us to consider one issue in this appeal:

Whether the trial court erroneously denied Appellant's motion for judgment of acquittal that asserted the court lacked subject matter jurisdiction once the prosecution failed to establish the locus of the criminal act.

Appellant's Brief at 5.[1]

As a challenge to the trial court's subject matter jurisdiction, Appellant presents a question of law for which our standard of review is *de novo*. ***Commonwealth v. Bethea***, 828 A.2d 1066, 1071 n.5 (Pa. 2003). The scope of our review is plenary. ***Id.***

As this Court recently noted:

Subject matter jurisdiction "relates to the competency of the individual court . . . to determine controversies of the general class to which a particular case belongs." ***Green Acres Rehab. & Nursing Ctr. v. Sullivan***, 113 A.3d 1261, 1268 (Pa. Super. 2015). "The want of jurisdiction over the subject matter may be questioned at any time. It may be questioned either in the trial court, before or after judgment, or for the first time in an appellate court, and it is fatal at any stage of the proceedings, even when collaterally involved . . .." ***In re Patterson's Estate***, 341 Pa. 177, 19 A.2d 165, 166 (1941). Moreover, it is "well settled that a judgment or decree rendered by a court which lacks jurisdiction of the subject matter or of the person is null and void . . .." ***Com. ex rel. Howard v. Howard***, 138 Pa. Super. 505, 10 A.2d 779, 781 (1940). The question of subject matter jurisdiction may be

_____

[1] Appellant's challenge is limited to subject matter jurisdiction. Appellant's Brief at 10. As the Commonwealth recognizes, Appellant does not challenge venue, which "can only be proper where jurisdiction already exists." Commonwealth Brief at 6 (quoting ***Commonwealth v. Bethea***, 828 A.2d 1066, 1075 (Pa. 2003)).

- 3 -

raised at any time, by any party, or by the court *sua sponte*. ***Grimm v. Grimm***, 149 A.3d 77, 82 (Pa. Super. 2016).

***Strasburg Scooters, LLC v. Strasburg Rail Road, Inc.***, 210 A.3d 1064, 1067-68 (Pa. Super. 2019).

In accordance with our Crimes Code, "a person may be convicted under the law of this Commonwealth of an offense committed by his own conduct **[if] the conduct** which is an element of the offense or the result which is such an element **occurs within this Commonwealth**." 18 Pa.C.S.A. § 102(a)(1) (emphasis added). Here, Appellant was convicted of the sole charge of receiving stolen property. The offense of "receiving stolen property" is defined as follows: "A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner." 18 Pa.C.S.A. § 3925(a). "As used in this section the word 'receiving' means acquiring possession, control or title, or lending on the security of the property." 18 Pa.C.S.A. § 3925(b).

Here, we have the unusual situation in which Appellant acknowledged in a cell phone conversation with Mr. Munoz that he took and later sold Mr. Munoz's tools. However, nowhere in the testimony presented at trial is there any indication that Appellant or the tools were **within the Commonwealth** when Appellant "received, retained, or disposed" the tools. Specifically, there was no testimony as to the location of Mr. Munoz's construction company or

the location of his truck when Mr. Munoz discovered that tools were missing. The testimony from Mr. Munoz revealed only that he arrived "at work" on October 31 and noticed that tools were missing from his truck. He later returned to his residence, which we acknowledge was located in Berks County, Pennsylvania. However, we do not know the location from which Mr. Munoz returned to his residence. From his Berks County residence, Mr. Munoz contacted the police to report his tools were stolen. It was at the Berks County residence that Mr. Munoz showed the officers where the tools "were supposed to be" inside his truck. From the residence, he contacted Appellant by phone. However, the record is silent as to where Appellant was located when he spoke with Mr. Munoz.

> In its brief, the Commonwealth concedes:
>
> The Commonwealth acknowledges, as it must, that the record from trial is silent as to the location where the theft occurred, the location of the unlawful disposition of the property to a third party, the location where the property was last seen prior to being stolen, the location of the truck at the moment the victim discovered his tools were missing, and [Appellant's] physical location when he confessed by telephone.

Commonwealth Brief at 9. Despite the lack of any evidence that any "conduct which is an element of the offense . . . occur[red] within this Commonwealth," as required for jurisdiction under 18 Pa.C.S.A. § 102(a)(1), the Commonwealth asserts, "Nevertheless, the trial court had subject matter jurisdiction because [Appellant] communicated his ability and intent to restore the property to the victim in Pennsylvania and subsequently failed to do so.

*Id.*   We cannot agree.  The fact that Mr. Munoz was at his Pennsylvania residence when he spoke with Appellant by phone about the stolen items was not essential to the crime of receiving stolen property and does not constitute the occurrence within Pennsylvania of an element of the crime.

In his brief, Appellant contends:

The incident at issue took place sometime between October 28 through 31, 2017.  On [or] about October 28, 2017, [Mr. Munoz] left his work truck at an unknown job site.  He returned to the job site on October 31, 2017, and discovered tools missing from the truck's toolbox.[2]   The missing tools included three drills, one compressor, two grinders, and one impact drill.

[Mr. Munoz returned to his home, called the Reading police, and reported the theft.  Two officers arrived at Mr. Munoz's home.  Mr. Munoz related his suspicion that Appellant took the tools.  Mr. Munoz then phoned Appellant in the officers' presence and told Appellant to return the tools.  Appellant agreed but then failed to return the tools, leading to charges being filed against Appellant.]

During this phone call, Appellant never revealed his location while on the phone or while in possession of the stolen tools.  There were also no witnesses to Appellant's alleged actual possession of the stolen property.  Rather the officers only pursued Mr. Munoz's suspicion that Appellant took his property, and obtained no other substantive evidence to use against Appellant.

Appellant's Brief at 8-9 (references to notes of trial testimony omitted).

_____

[2] We note that there was no testimony to indicate the window of time during which the tools were removed from Mr. Munoz's truck.  The testimony simply indicated that Mr. Munoz discovered the tools were missing when he went to work on October 31, 2017.

- 6 -

The Commonwealth failed to establish that any element of the crime of receiving stolen property, *i.e.*, receiving, retaining, or disposing of property, occurred within Pennsylvania. The Commonwealth suggests:

> While communicating to the victim at a time when the victim was present at his Pennsylvania home, [Appellant] acknowledged *his present intent and ability* to retrieve the stolen property and return it to the victim in Pennsylvania. [Appellant's] subsequent refusal to retrieve the property and return it to the victim further established that he "retained" movable property of another with intent to permanently deprive and thus complete the crime.

Commonwealth Brief at 10 (emphasis in original). The trial court determined:

> Based on the conversation between Appellant and Mr. Munoz, **it can be inferred** that Appellant agreed to return the tools to Mr. Munoz at the residence located in Berks County, Pennsylvania, but failed to do so. Appellant had previously informed Mr. Munoz that he would not be working for him anymore. As a result, **an assumption can be made** that the return of the tools would not have occurred at a Sonador work site. Appellant was instructed to return the tools to Mr. Munoz by 8:00 a.m. on the morning following the telephone call from the residence. In the absence of specific testimony regarding the location of the agreed upon tool return, it was clear to this court that Appellant had agreed to return the tools to Mr. Munoz at the residence in Berks County, Pennsylvania.
>
> Upon consideration of the evidence presented in this case, this court found that the Commonwealth satisfied its burden by presenting evidence of Appellant's overt act of retaining Mr. Munoz's tools that 1) were supposed to be inside of Mr. Munoz's truck that was parked by the residence in Berks County, Pennsylvania; 2) were the subject of the telephone call made while Mr. Munoz was in Berks County, Pennsylvania; and 3) were to be returned to Mr. Munoz at the residence located in Berks County, Pennsylvania. The evidence established that the crime of receiving stolen property was sufficiently related to the locus where [Appellant] was being prosecuted. Furthermore, the Commonwealth presented *prima facie* evidence that Appellant's criminal act of retaining Mr. Munoz's tools and failing to return them to Mr. Munoz at the residence occurred within the territorial

jurisdiction of this court. Therefore, this court had subject matter jurisdiction over the charges.

Trial Court Opinion, 11/7/18, at 5-6 (emphasis added; some capitalization omitted).

As reflected in the above excerpt, the trial court stated three evidentiary bases for determining that the Commonwealth satisfied its burden of proof. The court first referenced "Appellant's overt act of retaining Mr. Munoz's tools that [] were supposed to be inside of Mr. Munoz's truck that was parked by the residence in Berks County." Trial Court Opinion, 11/7/18, at 6. However, the fact the truck was eventually parked in Berks County is irrelevant to where the truck was located when **Appellant** received, retained or disposed of the tools. To the extent the trial court may be suggesting the truck was parked at the residence at the time of the crime, that suggestion is wholly unsupported in the record.

The court next noted that the tools were the subject of the call made by Mr. Munoz in Berks County, Pennsylvania, and surmised the tools would be returned to the residence there. However, neither Mr. Munoz's location when he made the call nor the location of his residence as a potential return point is relevant to where **Appellant** was when he received, retained or disposed of the tools. Simply stated, the Commonwealth never established Appellant's location at the time he received, retained, or disposed of the tools. Without evidence of conduct that is an element of the crime of receiving stolen property occurring in Pennsylvania, the trial court simply did not have

jurisdiction in this case and, consequently, Appellant's conviction cannot stand.

The dissent suggests Appellant had constructive possession over the tools and contends that "Appellant's statements via telephone to Mr. Munoz and Officer Valdez establish that Appellant maintained continuous 'constructive possession' of the stolen items." Dissenting Opinion at 4 (citing Commonwealth Brief at 10). Even if constructive possession—a theory not raised by the Commonwealth before the trial court nor discussed by the trial court in its Rule 1925(a) opinion—were applicable here, the dissent ignores the fact there was no evidence as to where either Appellant or the tools were located when Appellant stole them or at any time thereafter.

The dissent maintains that constructive possession may be established via circumstantial evidence and may be inferred from the totality of the circumstances. *Id.* at 5 (citing ***Commonwealth v. Haskins***, 677 A.2d 328, 330 (Pa. Super. 1996). However, any inference that Appellant "maintained continuous 'constructive possession'" is unsupported in the record. According to Mr. Munoz, Appellant told him "he needed to go to the gentleman, that he needed to speak with the gentleman that he had sold it to so he can have the tools back." N.T. Trial, 7/18/18, at 23. Appellant indicated "he would return the tools the following day at 8:00 in the morning." *Id.* Appellant then called Mr. Munoz around 11:00 p.m. that night and asked him "to give him another chance" and allow him to return the tools between 8:00 and 9:00 a.m. *Id.* at

24. Mr. Munoz refused any extension and Appellant never returned the tools. *Id.* at 24-25. Mr. Munoz's testimony does not support a finding that Appellant actually regained—or could regain—control in Berks County over the tools that he had already sold. In other words, there was no evidence that Appellant had "the ability to exercise a conscious dominion over" the tools in Berks County and, therefore, there was no evidence of constructive possession in Berks County so as to come within the trial court's jurisdiction. *Commonwealth v. Johnson*, 26 A.3d 1078, 1093 (Pa. 2011) (defining constructive possession).

The dissent then posits that Appellant and the person to whom he sold the tools had joint control and equal access to the tools and "thus both may constructively possess the contraband." Dissenting Opinion at 5 (citing *Haskins*, 677 A2d at 330. However, *Haskins* is apposite. In that case, the driver of a car was found in constructive possession of money and cocaine located in a car he occupied along with a passenger. By contrast, Appellant stole tools from an unknown location and then sold them to an unknown person in an unknown location. There is no evidence to suggest Appellant was able to regain possession of the tools or whether he was even able to contact the buyer to request return of the tools.

The dissent also cites *Commonwealth v. Grekis*, 601 A.2d 1275, 1282 (Pa. Super. 1992), for the proposition that physically handling stolen goods is not required for constructive possession and that dominion and control over

- 10 -

the goods may be exercised through another. Dissenting Opinion at 5-6.

***Grekis***, a cigarette fencing case, is similarly distinguishable. There, this Court

determined that "[t]he jury was entitled to reject as implausible, incredible or

self-serving, appellant's protestations that he transferred control of the

business [from which the cigarettes were sold] to his brother-in-law and that

he himself had no role in running the restaurant." ***Id.*** at 1281. Therefore,

> the jury certainly could infer that appellant in fact controlled the
> operation of the [] restaurant. As owner and operator, appellant
> could reasonably be found to exercise dominion and control over
> a continuous and voluminous flow of stolen cigarettes which were
> openly stored in and sold from his restaurant on a daily basis
> during a six month period, particularly since he was seen there on
> a frequent basis by the detectives.

***Id.*** No such inference regarding Appellant's supposed dominion and control

over the stolen tools can be drawn from the evidence presented in the case

before us.

The dissent further contends that this case is analogous to

***Commonwealth v. Farrar***, 413 A.2d 1094 (Pa. Super. 1979) and

***Commonwealth v. Kuykendall***, 465 A.2d 29 (Pa. Super. 1983). Dissenting

Opinion at 7. The dissent explains that the "prohibition against retaining and

disposing of stolen property makes this offense 'ongoing.'" ***Id.*** at 4 (quoting

***Farrar*** at 1098). However, ***Farrar*** and ***Kuykendall*** are factually

distinguishable. Both cases involved theft of items from locations outside of

Pennsylvania that were recovered from the thieves within Pennsylvania. In

both cases, the prosecution could "be maintained in a county in which the

accused is found to be in possession of the stolen property." ***Id.*** (quoting ***Commonwealth v. Downs***, 483 A.2d 884, 890 (Pa. Super. 1984)). By contrast, there was no evidence presented at trial to suggest the theft occurred in Berks County, nor was Appellant ever found to be in possession of the stolen property in Berks County. Importantly, Appellant sold the tools and consequently no longer "retained" the tools even as early as when he spoke with Mr. Munoz and Officer Valdez by telephone.

Finally we note that the testimony offered by Officer Valdez was based on the report he prepared a full two months after the incident. According to that report, he advised Appellant that he had until 8:00 a.m. the following morning to return the tools or be charged. Appellant admitted he had taken the tools and said he would return them. Officer Valdez's testimony did not include any reference to Appellant having sold the tools or having the ability to regain control over them in Berks County. Again, he testified based on the statement he prepared two months after the incident, while acknowledging it is not good police practice to wait two month to prepare a report.

In summary, the Commonwealth failed to prove that any conduct that is an element of receiving stolen property occurred within the Commonwealth. We expect information was available to the Commonwealth that would pinpoint the location of Mr. Munoz's workplace and where his truck was parked on October 31, 2017 and the days prior to that date. However, the Commonwealth did not elicit any testimony to establish that those locations

were within Pennsylvania or that any conduct involved in the crime of receiving stolen property occurred in Pennsylvania. Certainly, the crime may have occurred in Pennsylvania and may have occurred in Berks County. However, it just as easily may have been in a neighboring state. "[T]he Commonwealth bears the burden of proving facts sufficient to establish jurisdiction[.]" ***Commonwealth v. Passmore***, 857 A.2d 697, 709 (Pa. Super. 2004) (citing ***Commonwealth v. Bradfield***, 508 A.2d 568, 571 (Pa. Super. 1986)). While it may rely upon circumstantial evidence to meet its burden, ***see id.***, the Commonwealth failed to prove facts sufficient to establish jurisdiction by either direct or circumstantial evidence. Therefore, we are constrained to vacate Appellant's judgment of sentence.

Judgment vacated. Jurisdiction relinquished.

Judge Olson joins the opinion.

Judge Bowes files a dissenting opinion.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/20/2019

- 13 -